Michael M. Astanehe, SBN 312965
**ASTANEHE LAW**
71 Stevenson Street, Suite 400
San Francisco, California 94105
Phone: (415) 226-7170 l Fax: (415) 462-1732
mastanehe@astanehelaw.com

Attorney for Plaintiff and the Proposed Plaintiff Class

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN YU, on behalf of himself and all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | DEMAND FOR JURY TRIAL |
| VOLT INFORMATION SCIENCES, INC., a New York Corporation, and DOES 1 through 50, | (1) Negligence |
| Defendants. | (2) Breach of Implied Contract |

(1) Negligence
(2) Breach of Implied Contract
(3) Violation of California Consumer Records Act (Cal. Civ. Code § 1798.80, *et seq.*)
(4) Violation of California Unfair Competition Laws (Bus. & Prof. Code § 17200, *et seq.*)
(5) Willful Violation of the Fair Credit Reporting Act (15 U.S.C. § 1681(b))
(6) Negligent Violation of the Fair Credit Reporting Act (15 U.S.C. § 1681(b))
(7) Unjust Enrichment
(8) Invasion of Privacy under the California Constitution
(9) Declaratory Relief (28 U.S.C. § 2201, *et seq.*)

Plaintiff ALVIN YU, on behalf of himself and other members of the class as defined below or others similarly situated, brings this action against Defendant Volt Information

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

Sciences, Inc., based upon personal knowledge as to himself and his acts, and as to all other matters upon information and belief, and based upon, *inter alia*, the investigations of counsel and the facts that are a matter of public record:

## PARTIES

1.      Plaintiff ALVIN YU ("YU") is an individual and is a citizen of San Leandro, Alameda County, California located in the Northern District of California.

2.      Defendant Volt Information Sciences, Inc. ("VOLT") is a corporation with its principal office located at 50 Charles Lindbergh Boulevard, Suite 206, Uniondale, New York 11553 and is organized and existing under the laws of the State of New York. Defendant VOLT maintains a second corporate office located at 2401 Glassell Street, Orange, California 92865.  Defendant VOLT conducts business throughout the United States, including throughout the State of California and this District.

3.      Plaintiff YU is unaware of the true names and capacities of defendants sued as DOES 1 through 50 and therefore sues these defendants by fictitious names. Plaintiff YU will seek leave to amend this Class Action Complaint when and if the true identities of these DOE defendants are discovered.  Plaintiff YU is informed and believes and thereon alleges that each of the Defendants designated as a DOE is responsible in some manner for the acts and occurrences alleged herein, whether such acts or occurrences were committed intentionally, negligently, recklessly, or otherwise, and that each said DOE defendant thereby proximately caused injuries and damages to Plaintiff YU and the class members as herein alleged and is thus liable for the damages.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over the state law claims alleged in this Class Action Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(a) because: (a) the matter in controversy exceeds $75,000, exclusive of interest and costs; and, (b) because Plaintiff and Defendant are citizens of different states.

5.      The Court has personal jurisdiction over Defendant VOLT because Plaintiff YU'S claims arise out of the business activities of Defendant VOLT conducted

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

in the State of California and this District.  Further Defendant VOLT employs a

substantial number of workers in this District.

6.      Plaintiff YU conducted business with Defendant VOLT in the State of

California.  Venue is proper in the Northern District of California pursuant to 28 U.S.C. §

1391(b)(2) because a substantial part of the events and omissions giving rise to the

action occurred in this District and because Defendant VOLT had substantial contacts in

this District.

## FACTUAL ALLEGATIONS

7.      Plaintiff YU brings this class action against Defendant VOLT for its failure

to secure and safeguard its employees' personally identifiable information ("PII")

including names, social security numbers, driver's licenses and identification card

numbers, passport numbers, credit/debit card information, medical history information,

health insurance information, email addresses, and other personal information and for

failing to provide timely and adequate notice to Plaintiff YU and other class members

that their PII had been stolen, and precisely what information was stolen.

8.      Defendant develops, markets, and operates consultative applications that

provide staffing, process management, and outsourcing to employers throughout the

United States.  The Volt application allows employers to hire contingent employees who

report to work sites and track their hours through Defendant VOLT'S mobile and digital

applications.  Defendant VOLT'S other offerings relate to employee process

management and employee outsourcing.  On information and belief, as of November

2018, Defendant VOLT'S services are available throughout the Americas, Europe, and

Asia.

9.      Beginning on August 6, 2018, an unknown person or persons gained

unauthorized access into Defendant VOLT employee email accounts and sent out

numerous phishing emails.  The affected email addresses and computer system

contained Plaintiff YU'S and the class members' PII ("Data Breach").  Defendant VOLT

did not restrict unauthorized access until at least October 4, 2018.

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

10.     Defendant VOLT did not disclose the Data Breach until February 14, 2018, when it sent Plaintiff YU and other class members notices stating, *inter alia*, "Volt Information Sciences ("Volt") confirmed that an unknown actor gained access to certain Volt employee email accounts…The investigation determined that the accounts at issue experienced unauthorized access between August 6, 2018, and October 4, 2018." ("Notice of Data Breach").  A true and correct copy of the Notice is attached hereto as Exhibit A.

11.     Defendant VOLT admits in the Notice of Data Breach at least as early as August 6, 2018, over six months before Defendant VOLT sent the letter notifying Plaintiff YU and other class members that their PII was divulged in the Data Breach.

12.     Defendant VOLT'S notices further state, "we have confirmed that your name, Social Security number, driver's license number, passport number, credit/debit card information, medical history information, and health insurance information [were contained within the affected employee email accounts]."

13.     On information and belief, Defendant VOLT could have prevented this Data Breach.  It is apparent that Defendant maintained the PII in unencrypted form, on employee email accounts, and that the unauthorized persons were able to access the PII freely for several months.

14.     Defendant VOLT thus disregarded Plaintiff YU'S and class members' rights by intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure its email and data systems were protected, failing to take available steps to prevent and stop the breaches from ever occurring, and failing to disclose to affected employees the facts that it did not have adequate security practices, email systems, and computer infrastructure in place, or that the Data Breach had occurred in a timely manner.  On information and belief, Plaintiff YU'S and class members' PII and the credentials allowing access to that PII were improperly handled and stored, were unencrypted, and were not kept in accordance with applicable,

required, and appropriate cyber-security protocols, policies, customs, and procedures. As a result, Plaintiff YU'S and class members' PII was compromised and stolen.

## PLAINTIFF YU WAS EMPLOYED BY DEFENDANT VOLT & THE STOLEN PII HARMS PLAINTIFF YU

15. Plaintiff YU was employed by Defendant VOLT beginning on or around July 10, 2016, and lasting until in or around November 2017.

16. Plaintiff YU previously worked as an assembly line worker in Fremont, California, receiving his last payment from Defendant VOLT for such services in or around November 2017.

17. Plaintiff YU received the Notice of Data Breach from Defendant VOLT on or around February 16, 2019, notifying him for the first time that his PII was disclosed in the Data Breach, even though he no longer worked for Defendant VOLT or at the Fremont worksite at the time of the Data Breach.

18. Defendant VOLT'S letter to Plaintiff YU did not include any explanation for the long delay in its issuance or indicate that the delay was due to any law enforcement investigation. Although Defendant VOLT indicates that it retained a forensics firm to investigate the Data Breach, the firm concluded its investigation several months before Defendant VOLT issued the Notice of Data Breach.

## THE STOLEN PII IS VALUABLE AND DISCLOSURE HARMS CLASS MEMBERS

19. It is well known and the subject of numerous media reports that PII like that taken in the instant Data Breach is highly coveted and frequently a target of hackers and criminals operating on the black market.

20. Legitimate organizations and the criminal underground alike recognize the value in PII. For example, in 2018, hackers breached Nordstrom's computer infrastructure which left employee's "names, Social Security numbers, dates of birth, checking account and routing numbers, salaries," exposed. Benjamin Romano, *Security breach at Nordstrom exposed sensitive employee data*, The Seattle

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

ASTANEHE LAW

Times, November 9, 2018 (last visited Apr 12, 2019).  The data breach affected more than 75,000 current and former employees.

21.     Cyberattacks are characterized as the "greatest threat to every company in the world, and one of the biggest problems with mankind... [costing the world] $3 trillion in 2015."  Cybersecurity Ventures, *Cyberattacks are the fastest growing crime and predicted to cost the world $6 trillion annually by 2021*, Cision, December 13, 2018. In 2018, there were 1,244 reported data breaches, which exposed 446.5 million sensitive records.  Kelly Sheridan, *Exposed Consumer Data Skyrocketed 126% in 2018*, DARK Reading, February 4, 2019 (last visited Apr 12, 2019).

22.     Unfortunately, Defendant VOLT'S apparent approach at maintaining the privacy of Plaintiff YU'S and class members' PII, which was not encrypted and apparently kept on employee email accounts, was lackadaisical, cavalier, reckless, or at the very least, negligent.

23.     The repercussions of Defendant VOLT'S failure to keep class members' data secure are severe.

24.     The information compromised, even class members' mere identifying information, is gold to hackers.  Penny Crosman, *'Mere' Customer Contact Information Is Actually Gold to Hackers*, American Banker, February 10, 2015, https://www.americanbanker.com/news/mere-customer-contact-information-is-actually-gold-to-hackers (last visited Apr 12, 2019).  Hackers and criminals collectively make millions transacting in stolen PII that is used for "identity theft and online and mobile banking fraud."  *Id.*  For instance, $16.7 million worth of PII was stolen in 2017.  Sam Cook, *Identity Theft Stats & Facts: 2017 - 2019*, CompariTech, August 25, 2018 (last visited Apr 12, 2019).  Even limited data breaches are cause for concern.

25.     Identity theft occurs when someone uses another's PII, without permission, to commit fraud or other crimes.  Once identity thieves have PII, they can drain bank accounts, run up credit scores, open new utility accounts, or get medical treatment on the identity fraud victim's health insurance.  GAO, Report to Congressional

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

Requesters, at p.33 (June 2007), available at http://www.gao.gov/new.items/d07737.pdf

(emphases added) (last visited Apr 12, 2019).

26.　　Identity thieves can use personal information such as that of class

members, which Defendant VOLT failed to keep secure, to perpetrate a variety of

crimes that harm victims.  For instance, identity thieves may commit various types of

government fraud, such as securing a government issued driver's license or

identification card in the victim's name but with another's picture, obtaining government

benefits in the victim's name, or filing a fraudulent tax return using the victim's

information to obtain a fraudulent return.  In 2016, the IRS reported 883,000 confirmed

identity theft tax returns, which identity thieves perpetrate using stolen Social Security

numbers.  Security Summit Partners Mark Progress in Identity Theft Battle; Prepare for

2018 Tax Season, IRS News Releases, October 17, 2017,

https://www.irs.gov/newsroom/security-summit-partners-mark-progress-in-identity-theft-

battle-prepare-for-2018-tax-season (last visited Apr 12, 2019).

27.　　Identity thieves can also obtain medical services using compromised PII,

obtain a job, procure housing, or give false information to the police during an arrest.

28.　　Some of this activity may not occur or come to light for years.  Thieves

may hold stolen data for up a year or more before being used to commit identity theft.

Further, once stolen data has been sold or posted online, fraudulent use of that

information may continue indefinitely.  As a result, studies attempting to measure the

harm resulting from data breaches cannot rule out future injury.  GAO, Report to

Congressional Requesters, at p.33 (June 2007), available at

http://www.gao.gov/new.items/d07737.pdf (emphases added) (last visited March 11,

2015).

29.　　Plaintiff YU and class members now face years of constant surveillance of

their financial, tax, and personal records, monitoring, and loss of rights.  The class is

incurring and will continue to incur such damages in addition to any fraudulent credit

and debit card charges incurred by them and the resulting loss of use of their credit and

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

access to funds, whether or not the credit card companies ultimately reimburse such costs.

30.     Defendant VOLT'S wrongful actions and inaction directly and proximately caused the theft and dissemination into the public domain of Plaintiff YU'S and class members' PII, causing them to suffer, economic damages, emotional damages, and other actual harm for which they are entitled to compensation, including but not limited to:

     a.  PII theft;

     b.  Misuse of their PII such as the heightened risk of identity theft in the future;

     c.  Heightened risk of damage to Plaintiff YU'S and class members' credit reports and/or scores;

     d.  Defendant VOLT'S untimely and inadequate notification of the Data Breach;

     e.  Loss of privacy;

     f.  Ascertainable losses in the form of out-of-pocket expenses and the value of class members' time reasonably incurred to remedy or mitigate the Data Breach effects;

     g.  Emotional distress; and,

     h.  Deprivation of rights they possess under California law, including the Consumer Records Act and Business and Professions Code § 17200, *et seq.*

31.     Defendant VOLT'S offer of one-year of free identity protection services is insufficient compensation for damages resulting from Defendant VOLT'S actions and inactions because (a) that offer was made months after Defendant VOLT learned of the breach, during which class members' PII was misused; (b) such credit monitoring does not prevent or retroactively fix the damage done to class members and their credit

scores and/or reports; and, (c) PII could be held by criminals and used to commit fraud after the one-year credit monitoring service expires.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff YU seeks relief in his individual capacity and as a representative of all others who were, are, and will be affected by the Data Breach and Defendant VOLT'S untimely and inadequate Notice of Data Breach.  Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), Plaintiff YU seeks damages, injunctive and declaratory relief, restitution, equitable relief, statutory penalties, disgorgement, punitive damages, and attorney fees and court costs.

33.     Plaintiff YU seeks certification of a national class and a California class, both of which he is a member.  The national class initially is defined as follows:

**All persons residing in the United States who were employees, independent contractors, or otherwise paid by Volt Information Sciences, Inc. whose personal information was disclosed in the data breaches affecting Volt Information Sciences, Inc. in 2018.**

The California Class is initially defined as follows:

**All persons residing in the State of California who were employees, independent contractors, or otherwise paid by Volt Information Sciences, Inc. whose personal information was disclosed in the data breaches affecting Volt Information Sciences, Inc. in 2018.**

34.     Excluded from each of the above classes are Defendant VOLT, including any entity in which Defendant VOLT has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant VOLT, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant.  Also excluded are the judges and court personnel in this case and any members of their immediate families.

35.     <u>Numerosity</u>.  Fed. R. Civ. P. 23(a)(1).  The class members are so numerous that joinder all members is impractical.  Although the exact number of class members is unknown to Plaintiff YU at this time, based on Defendant VOLT'S prior

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

communications and a filing with the California Attorney General, PII pertaining to at least 4,687 employees across multiple states were disclosed in the Data Breach.

36.   <u>Commonality</u>.  Fed. R. Civ. P. 23(a)(2) and (b)(3).  There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members.  These common questions of law and fact include, without limitation:

a.   Whether Defendant VOLT violated California Civil Code section 1798.81.5 by failing to implement reasonable security procedures and practices;

b.   Whether Defendant VOLT violated California Civil Code section 1798.82 by failing to notify class members their personal information had been compromised promptly;

c.   Whether the class members may obtain injunctive relief against Defendant VOLT under Civil Code section 1798.84 or under the Unfair Competition Law;

d.   Whether the class members may obtain relief under the Fair Credit Reporting Act, 15 U.S.C. section 1681(b);

e.   What security procedures and data breach notification procedure should Defendant VOLT be required to implement as part of any injunctive relief order by the Court;

f.   Whether Defendant VOLT has an express or implied contractual obligation to use reasonable security measures;

g.   Whether Defendant VOLT has complied with any express or implied contractual obligation to use reasonable security measures;

h.   Whether Defendant VOLT has been unjustly enriched;

i.   Whether Defendant VOLT unreasonably delayed in notifying the class members of the Data Breach;

j.   Whether Defendant VOLT'S conduct was negligent;

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

k.  Whether Defendant VOLT acted willfully, oppressively, recklessly, and/or in conscious disregard of Plaintiff YU'S and the class members' rights;

l.  Whether Defendant VOLT'S conduct violated the class members' California Constitution Right to Privacy;

m.  Whether Defendant VOLT violated California Business and Professions Code section 16200, *et seq.*; and,

n.  The nature of the relief, including equitable relief, to which Plaintiff YU and the class members are entitled.

37.  Ascertainability.  All members of the proposed classes are readily ascertainable.  Defendant VOLT has access to addresses and other contact information for all, or substantially all, members of the classes, which can be used for providing notice to many class members.

38.  Typicality.  Fed. R. Civ. P. 23(a)(3).  Plaintiff YU'S claims are typical of those of the other class members because Plaintiff YU'S information, like that of every other class member, was misused and/or disclosed by Defendant VOLT.  Plaintiff YU'S claims are not subject to any unique defenses, nor does any interest of Plaintiff YU in this litigation conflict with any other class members.  Further, Plaintiff YU suffered as a result of Defendant VOLT'S untimely and inadequate Notice of Data Breach.

39.  Adequacy of Representation.  Fed. R. Civ. P. 23(a)(4).  Plaintiff YU is the representative party for the class.  Plaintiff YU will fairly and adequately represent and protect the interests of the class.  Plaintiff YU'S counsel is competent and experienced.

40.  Superiority of Class Action.  Fed. R. Civ. P. 23(b)(3).  This action is properly maintained as a class action because the questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Further, joinder of all the class members is impracticable.

**ASTANEHE LAW**

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226-7170

41. Further, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

42. Damages for any individual class members are likely insufficient to justify the cost of individual litigation so that in the absence of class treatment, Defendant VOLT'S violations of law inflicting substantial damages in the aggregate would go un-remedied without certification of the class. Repeated individual litigation of the common issues shared by the class members would reduce the recovery amount available to each member.

43. Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Defendant VOLT has acted or has refused to act on grounds generally applicable to the class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the class as a whole.

44. Notice of this class action may be made to each class member by ordinary mail, using employee lists obtained from Defendant VOLT.

<u>**FIRST CAUSE OF ACTION**</u>
**Negligence**
**(Against all Defendants)**

45. Plaintiff YU and the class members incorporate by reference each preceding paragraph as though fully set forth at length herein.

46. Upon accepting and storing Plaintiff YU'S and the class members' PII in its respective computer database and email systems, Defendant VOLT undertook and owed a duty to Plaintiff YU and to the class members to exercise reasonable care. It was Defendant VOLT'S obligation to secure and safeguard the information and to utilize commercially reasonable methods to do so. Defendant VOLT knew that the PII was private and confidential and should be protected as private and confidential.

47. Defendant VOLT breached its duties to Plaintiff YU and the class members to adequately protect and safeguard the PII by knowingly disregarding

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

standard principles relating to the securing of PII. Defendant VOLT negligently failed to provide adequate supervision and oversight of the PII which was, and is, entrusted to them, despite the known risks and foreseeable likelihood of breach and misuse. Defendant VOLT'S failures permitted third persons to gather Plaintiff YU'S and class members' PII, misuse the PII, and intentionally disclose it to others without consent.

48. The law imposes an affirmative duty on Defendant VOLT to timely disclose the PII theft so that the identity theft victims can be vigilant in attempting to determine if any of their accounts or assets have been stolen through identity theft.

49. Through Defendant VOLT'S acts and omissions described above, Defendant VOLT unlawfully breached their duty to use reasonable care to adequately protect and secure Plaintiff YU'S and the class members' PII during the time it was within Defendant VOLT'S possession or control.

50. Further, through their failure to provide timely and clear notification of the Data Breach to Plaintiff YU and the class members, Defendant VOLT negligently prevented Plaintiff YU and the class members from taking meaningful, proactive steps to investigate possible identity theft.

51. Defendant improperly and inadequately safeguarded Plaintiff YU'S and the class members' PII in deviation of standard industry practices, regulations, and rules at the time of the Data Breach.

52. Given the extensive publicity about the efforts of criminals to obtain PII, it was foreseeable to Defendant VOLT, a multinational corporation, that Plaintiff YU'S and the class members' PII would be attractive to hackers and other criminals.

53. For the reasons stated above, Defendant VOLT'S conduct was negligent and departed from reasonable standards of care including, but not limited to, failing to adequately protect the PII, failing to conduct routine security audits, failing to encrypt PII, storing employee PII in employee email accounts, failing to provide adequate and appropriate training and supervision of persons having access to employee PII, and

failing to provide Plaintiff YU and the class members with timely and sufficient notice that their PII had been compromised.

54.    Neither Plaintiff YU nor the other class members contributed to the Data Breach or subsequent misuse of their PII as described in this Class Action Complaint.

55.    Neither Plaintiff YU nor the other class members consented to the disclosure of their PII as described in this Class Action Complaint.

56.    As a direct and proximate result of Defendant VOLT'S actions and inactions, Plaintiff YU and the class members have suffered anxiety and emotional distress.  Further, Plaintiff YU and the class members have been put at heightened risk of identity theft and must mitigate damages through credit monitoring services and identity theft insurance.  Defendant VOLT is liable to every class member for the reasonable costs of future credit monitoring services and identity theft insurance. Defendant VOLT is also liable to those class members who have directly sustained damages as a result of their identity theft.

### SECOND CAUSE OF ACTION
**Breach of Implied Contract**
**(Against All Defendants)**

57.    Plaintiff YU and the class members incorporate by reference each preceding paragraph as though fully set forth at length herein.

58.    The commencement of the employment relationship between Plaintiff YU and Defendant VOLT created a contract.  The same contractual relationship arose between Defendant VOLT and each class member.

59.    Defendant VOLT agreed to provide employees with a paycheck in exchange for their services.

60.    Employee's ability to enter into the agreement was contingent on providing their PII to Defendant VOLT.  Implicit in the agreement between Defendant VOLT and their employees was an understanding that Defendant would protect the provided PII as required by acceptable industry standards and in compliance with federal and state employment and income tax laws.

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170

61.     Plaintiff YU and the class members fulfilled all of their obligations by providing their PII and labor for contingent and/or contractual employment.

62.     Defendant VOLT failed to protect Plaintiff YU'S and the class members' PII using acceptable industry standards and in compliance with federal and state employment income tax laws.

63.     Defendant VOLT breached its implied agreement causing damages to Plaintiff YU and the class members.  Defendant VOLT'S breach was a substantial factor in causing Plaintiff YU'S and the class members' harm.  This harm was reasonably foreseeable when Plaintiff YU, the class members, and Defendant VOLT entered into their employment relationships.  Recovery of Plaintiff YU'S and the class members' damages should be made as demanded hereafter.

## THIRD CAUSE OF ACTION
### Violation of California Consumer Records Act (Cal. Civ. Code § 1798.80, *et seq.*) (Against All Defendants)

64.     Plaintiff YU and the class members incorporate by reference each preceding paragraph as though fully set forth at length herein.

65.     "[T]o ensure that personal information about California residents is protected," the California legislature enacted Civil Code section 1798.81.5, which requires that any business that "owns or licenses personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

66.     Defendant VOLT is a "business" within the meaning of Civil Code section 1798.80(a).

67.     Plaintiff YU and class members are "individual[s]" within the meaning of Civil Code section 1798.80(d).

68.     Pursuant to Civil Code sections 1798.80(e) and 1798.81.5(d)(1), the data theft included the theft of "personal information" as meant by those sections, including names, employment histories, email addresses, financial information, Social Security

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

numbers, driver's licenses and identification card numbers, passport numbers, credit/debit card information, medical history information, health insurance information, and other identifiable information.

69.     The breach of personal data of thousands of Defendant VOLT'S former or current employees constituted a "breach of the security of the system" as defined by Civil Code section 1798.82(g).

70.     By failing to implement reasonable measures to protect its former and current employees' PII, Defendant VOLT violated Civil Code section 1798.81.5.

71.     Additionally, by failing to timely and inadequately notify all affected former and current employees that their PII had been stolen (or was reasonably believed to have been compromised) by unauthorized person(s) during the lasting Data Breach, Defendant VOLT violated Civil Code section 1798.82.  Defendant VOLT'S failure to timely and adequately notify current, and former employees of the Data Breach caused class members additional damages because they were forced to take measures to remediate the breach caused by Defendant VOLT'S negligent delay.

72.     By violating Civil Code sections 1798.81.5 and 1798.82, Defendant "may be enjoined" under Civil Code section 1798.84(e).

73.     Accordingly, Plaintiff YU and the class members request that the Court enter an injunction requiring Defendant VOLT to implement and maintain reasonable security procedures to protect employee data in compliance with the California Customer Records Act, including, but not limited to:

       a.  Ordering that Defendant VOLT, consistent with industry standards, engage third party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant VOLT'S systems periodically;

       b.  Ordering that Defendant VOLT engage third-party security auditors and internal personnel, consistent with industry standards, to run automated security monitoring;

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

c. Ordering that Defendant VOLT audit, test, and train their security personnel regarding any new or modified procedures;

d. Ordering that Defendant Volt purge, delete, and destroy in a reasonably secure manner employee data not necessary for their business operations;

e. Ordering that Defendant VOLT, consistent with industry standards, conduct regular database scanning, real-time network traffic analysis, and security checks;

f. Ordering that Defendant VOLT, consistent with industry standards, periodically conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach;

g. Ordering that Defendant VOLT, consistent with industry standards, periodically conduct internal training and education to inform corporate employees and company management how to identify phishing, spoofing, and other common cyberattacks;

h. Ordering Defendant VOLT to meaningfully educate their former, current, and prospective employees about the threats they face as a result of the loss of their PII to third parties, as well as the steps they must take for continuous future protection; and,

i. Ordering Defendant VOLT to implement a written policy for the implementation of items (a) through (h) above.

74. Plaintiff YU further requests that the Court require Defendant VOLT to:

a. Identify and notify all class members who have not yet been informed of the Data Breach; and,

b. To notify affected former and current employees of any future data breaches by email within twenty-four hours of Defendant VOLT'S discovery of a breach or suspected breach.

75. As a result of Defendant VOLT'S violation of Civil Code sections 1798.81.5 and 1798.82, Plaintiff YU, individually and on behalf of the class members, seeks remedies under Civil Code section 1798.84, specifically, equitable relief.

76. Plaintiff YU, individually and on behalf of the class members, seeks reasonable attorney fees and costs under applicable laws, including California Code of Civil Procedure section 1021.5.

## FOURTH CAUSE OF ACTION
### Violation of California Unfair Competition Laws (Bus. & Prof. Code § 17200, *et seq.*)
### (Against all Defendants)

77. Plaintiff YU and the class members incorporate by reference each preceding paragraph as though fully set forth at length herein.

78. Plaintiff YU brings this cause of action on behalf of Plaintiff YU and the class members whose personal information was compromised as a result of the Data Breach.

79. Defendant VOLT'S acts and practices, as alleged in this Class Action Complaint, constitute unlawful and unfair business practices in violation of the Unfair Competition Law ("UCL"), Bus. & Prof. Code, section 17200, *et seq.*

80. Defendant VOLT'S acts and practices, as alleged in this Class Action Complaint, constitute unlawful and unfair practices in that they violate Civil Code section 1798.80, *et seq.*, and because Defendant VOLT'S conduct was negligent.

81. Defendant VOLT'S practices were unlawful and in violation of Civil Code section 1798.81.5(b) because Defendant VOLT failed to take reasonable security measures in protecting their former, current, and prospective employees' PII.

82. Defendant VOLT'S practices were also unlawful and in violation of Civil Code section 1798.82 because Defendant VOLT unreasonably delayed informing Plaintiff YU and the class members about the Data Breach despite knowing about the Data Breach for months.

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

83.     The acts, omissions, and conduct of Defendant VOLT constitute a violation of the unlawful prong of the UCL because they failed to comport with a reasonable standard of care and public policy as reflected in statutes such as the Information Practices Act of 1977, Civ. Code section 1798, *et seq.*, and the California Customer Records Act, Civ. Code section 1798.80, *et seq.*, which protects individuals' PII and ensures that entities who solicit or are entrusted with personal data utilize reasonable security measures.

84.     Defendant VOLT violated the "unfair" prong of the UCL because their acts and/or omissions were immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff YU and the class members, and because their acts and/or omissions constitute conduct that undermines or violates the stated policies underlying the California Customer Records Act and other privacy statutes.  In enacting the California Customer Records Act, the Legislature state that: "[i]dentity theft is costly to the marketplace and to consumers" and that "victims of identity theft must act quickly to minimize the damage; therefore, expeditious notification of possible misuse of a person's personal information is imperative."  2002 Cal. Legis. Serv. Ch. 1054 (A.B. 700) (WEST).  Defendant VOLT'S conduct also undermines California public policy as reflected in other statutes such as the Information Practices Act of 1977, Civ. Code § 1798, *et seq.*, which seeks to protect individuals' PII and ensure that entities who solicit or are entrusted with personal data utilize reasonable security measures.

85.     As a direct and proximate result of Defendant's unlawful business practices as alleged herein, Plaintiff YU and the class members have suffered the following injuries in fact and losses of money or property:

a.   Loss of opportunity to control the use of their PII;

b.   Diminution in value and/or use of their PII;

c.   The compromise, publication, and/or theft of their PII;

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

d. Out-of-pocket costs associated with the prevention, detection, insurance, and recovery from identity theft or unauthorized use of financial and medical costs;

e. Lost opportunity costs and loss of productivity from efforts to mitigate the actual and future consequences of the PII theft;

f. Cost associated with the inability to use credit and assets frozen or flagged as a result of credit misuse;

g. Unauthorized use of compromised PII;

h. Tax fraud or other unauthorized charges to financial, health care, or medical accounts;

i. Continued risk to PII that remain in Defendant VOLT'S possession, as long as Defendant VOLT fails to undertake adequate measures to protect PII; and,

j. Future costs in terms of time, effort, and money that will be expended to prevent and repair the Data Breach impact.

86. As a direct and proximate result of Defendant VOLT'S unlawful business practices as alleged herein, Plaintiff YU and the class members face a heightened risk of identity theft based on the theft and disclosure of their PII.

87. As a result of Defendant VOLT'S violations, Plaintiff YU and the class members are entitled to injunctive relief, including, but not limited to:

a. Ordering that Defendant VOLT, consistent with industry standards, engage third party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant VOLT'S systems periodically;

b. Ordering that Defendant VOLT engage third-party security auditors and internal personnel, consistent with industry standards, to run automated security monitoring;

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

c. Ordering that Defendant VOLT audit, test, and train their security personnel regarding any new or modified procedures;

d. Ordering that Defendant VOLT purge, delete, and destroy in a reasonably secure manner employee data not necessary for their business operations;

e. Ordering that Defendant VOLT, consistent with industry standards, conduct regular database scanning, real-time network traffic analysis, and security checks;

f. Ordering that Defendant VOLT, consistent with industry standards, periodically conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach;

g. Ordering that Defendant VOLT, consistent with industry standards, periodically conduct internal training and education to inform corporate employees and company management how to identify phishing, spoofing, and other common cyberattacks;

h. Ordering Defendant VOLT to meaningfully educate their former, current, and prospective employees about the threats they face as a result of the loss of their PII to third parties, as well as the steps they must take for continuous future protection; and,

i. Ordering Defendant VOLT to implement a written policy for the implementation of items (a) through (h) above.

88. Because of Defendant VOLT'S unfair and unlawful business practices, Plaintiff YU and the class members are entitled to relief, including restitution to Plaintiff YU and the class members of the losses they incurred as a result of the data breach, attorney fees and costs, declaratory relief, and a permanent injunction enjoining Defendant VOLT from their unlawful and unfair practices.

///

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

**FIFTH CAUSE OF ACTION**
**Willful Violation of the Fair Credit Reporting Act (15 U.S.C. § 1681(b))**
**(Against all Defendants)**

89.     Plaintiff YU and the class members incorporate by reference each

preceding paragraph as though fully set forth at length herein.

90.     Defendant VOLT owed a duty to Plaintiff YU and the class members to

safeguard the security of their PII and to adopt and maintain reasonable procedures

pursuant to the Fair Credit Reporting Act, 15 U.S.C. section 1681(b) ("FCRA"), including

procedures to adequately secure its servers, sufficiently encrypt its passwords, and

encrypt employee PII, in a manner fair and equitable to employees while maintaining

the confidentiality, accuracy, relevancy and proper utilization of PII.

91.     Defendant VOLT willfully, or at the very least recklessly, failed to adopt

and maintain reasonable procedures in a manner fair and equitable to employees while

maintaining the confidentiality, accuracy, relevancy and proper utilization of such

information in compliance with FCRA.  Additionally, Defendant VOLT negligently

violated FCRA because, by its failure to maintain reasonable procedures, hackers

gained unauthorized access to employee tax/consumer report information absent a

permissible purpose.

92.     Defendant VOLT'S repeated violations of FCRA, as set forth above, were

willful, or at the very least, reckless.

93.     Plaintiff YU and the class members suffered actual damages as a result of

Defendant VOLT'S willful violations of FCRA including but not limited:

        a.  Loss of opportunity to control the use of their PII;

        b.  Diminution in value and/or use of their PII;

        c.  The compromise, publication, and/or theft of their PII;

        d.  Out-of-pocket costs associated with the prevention, detection, insurance,

            and recovery from identity theft or unauthorized use of financial and

            medical costs;

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

e. Lost opportunity costs and loss of productivity from efforts to mitigate the actual and future consequences of the PII theft;

f. Cost associated with the inability to use credit and assets frozen or flagged as a result of credit misuse;

g. Unauthorized use of compromised PII;

h. Anxiety and emotional distress;

i. Loss of privacy;

j. Tax fraud or other unauthorized charges to financial, health care, or medical accounts;

k. Continued risk to PII that remain in Defendant VOLT'S possession, as long as Defendant VOLT fails to undertake adequate measures to protect PII; and,

l. Future costs in terms of time, effort, and money that will be expended to prevent and repair the Data Breach impact.

94.     Plaintiff YU and the class members are entitled to compensation for their actual damages as described above, or statutory damages of not less than $100 and not more than $1,000, per class member, and attorney fees and costs, under 15 U.S.C. section 1681n(a).

## SIXTH CAUSE OF ACTION
### Negligent Violation of the Fair Credit Reporting Act (15 U.S.C. § 1681(b))
### (Against all Defendants)

95.     Plaintiff YU and the class members incorporate by reference each preceding paragraph as though fully set forth at length herein.

96.     Defendant VOLT owed a duty to Plaintiff YU and the class members to safeguard the security of their PII and to adopt and maintain reasonable procedures pursuant to the FCRA, 15 U.S.C. section 1681(b), including procedures to adequately secure its servers, sufficiently encrypt its passwords, and encrypt employee PII, in a manner fair and equitable to employees while maintaining the confidentiality, accuracy, relevancy and proper utilization of PII.

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

97.     Defendant VOLT negligently failed to adopt and maintain reasonable procedures in a manner fair and equitable to employees while maintaining the confidentiality, accuracy, relevancy and proper utilization of such information in compliance with FCRA.  Additionally, Defendant VOLT negligently violated FCRA because, by its failure to maintain reasonable procedures, hackers gained unauthorized access to employee tax/consumer report information absent a permissible purpose.

98.     Defendant VOLT'S repeated violations of FCRA, as set forth above, were negligent.

99.     Plaintiff YU and the class members suffered actual damages as a result of Defendant VOLT'S negligent violations of FCRA including but not limited to:

a.  Loss of opportunity to control the use of their PII;

b.  Diminution in value and/or use of their PII;

c.  The compromise, publication, and/or theft of their PII;

d.  Out-of-pocket costs associated with the prevention, detection, insurance, and recovery from identity theft or unauthorized use of financial and medical costs;

e.  Lost opportunity costs and loss of productivity from efforts to mitigate the actual and future consequences of the PII theft;

f.  Cost associated with the inability to use credit and assets frozen or flagged as a result of credit misuse;

g.  Unauthorized use of compromised PII;

h.  Anxiety and emotional distress;

i.  Loss of privacy;

j.  Tax fraud or other unauthorized charges to financial, health care, or medical accounts;

k.  Continued risk to PII that remain in Defendant VOLT'S possession, as long as Defendant VOLT fails to undertake adequate measures to protect PII; and,

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

1        l.   Future costs in terms of time, effort, and money that will be expended to

2        prevent and repair the Data Breach impact.

3       100.   Plaintiff YU and the class members are entitled to compensation for their

4  actual damages as described above, and attorney fees and costs, pursuant to 15

5  U.S.C. section 1681o(a).

6                **SEVENTH CAUSE OF ACTION**

**Unjust Enrichment for the Nationwide Class and/or California Class Under California Law**

7  **(Against all Defendants)**

8

9       101.   Plaintiff YU and the class members incorporate by reference each

10  preceding paragraph as though fully set forth at length herein.

11      102.   Plaintiff YU, individually and on behalf of the class members, plead this

12  cause of action in the alternative to Breach of Implied Contract.

13      103.   Plaintiff YU and the class members conferred a valuable benefit on

14  Defendant VOLT in the form of their labor, that was necessary to permit Defendant

15  VOLT to engage in their staffing business.  Plaintiff YU and the class members were

16  only able to engage in the employment relationship through providing their PII to

17  Defendant VOLT.  Thus, the PII increased Defendant VOLT'S revenues and profits.

18      104.   Defendant VOLT appreciated (and continues to appreciate) such valuable

19  benefits conferred on it by Plaintiff YU and the class members' labor through the

20  continued growth of their business.

21      105.   A portion of Defendant VOLT'S increased revenue and profits should have

22  been used to pay for the administrative and personnel costs of electronic data

23  management services, cyber security services, and internal employee cyber security

24  training.

25      106.   In light of the Data Breach, and under principles of equity and good

26  conscience, Defendant VOLT should not be permitted to retain any portion of profit and

27  revenue growth generated by the transfer of Plaintiff YU and the class members' PII.

28  Further, Defendant VOLT should not be permitted to retain any capital that should have

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

1   been used to pay for the administrative and personnel costs of electronic data

2   management services, cyber security services, and internal employee cyber security

3   training that Defendant VOLT failed to provide.

4       107.    Accordingly, Plaintiff YU, individually and on behalf of the class members,

5   seek to impose a constructive trust over (and recover) all amounts by which Defendant

6   VOLT has been (and continues to be) unjustly enriched.  Plaintiff YU and the class

7   members are entitled to restitution and/or the disgorgement of Defendant VOLT'S ill-

8   gotten gains.

9                          **EIGHTH CAUSE OF ACTION**
        **Invasion of Privacy for the Nationwide Class and/or California Class Under the**
10                              **California Constitution**
                              **(Against all Defendants)**
11

12      108.    Plaintiff YU and the class members incorporate by reference each

13  preceding paragraph as though fully set forth at length herein.

14      109.    Plaintiff YU and the class members had a reasonable expectation of

15  privacy of the PII entrusted to Defendant VOLT.

16      110.    Defendant VOLT invaded Plaintiff YU and the class members' right to

17  privacy, as provided by the California Constitution, by allowing the unauthorized access

18  to Plaintiff YU'S and the class members' PII, and by negligently maintaining the

19  confidentiality of Plaintiff YU'S and the class members' PII, as set forth above.

20      111.    The intrusion was offensive and objectionable to Plaintiff YU, the class

21  members, and to a reasonable person of ordinary sensibilities in that Plaintiff YU'S and

22  the class members' PII was disclosed without prior written authorization by Plaintiff YU

23  or the class members.

24      112.    The intrusion was into a place or thing which was private and is entitled to

25  be private, in that Plaintiff YU'S and the class members provided and disclosed their PII

26  to Defendant VOLT, as employees, privately with an intention that the PII would be kept

27  confidential and would be protected from unauthorized disclosure.  Plaintiff YU and the

28

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

1  class members were reasonable to believe that such information would be kept private

2  and would not be disclosed without their written authorization.

3       113.   As a proximate result of Defendant VOLT'S misuse and disclosures,

4  Plaintiff YU and the class members' PII was available, accessed, viewed, retained,

5  distributed, and used by persons without prior written authorization.  Plaintiff YU and the

6  class members suffered damages.

7       114.   Defendant VOLT is guilty of oppression, fraud, malice, or reckless

8  disregard by permitting the unauthorized disclosure of Plaintiff YU'S and the class

9  members' personal information with a willful and conscious disregard of Plaintiff YU'S

10  and the class members' right to privacy.

11       115.   Unless and until enjoined, and restrained by order of this Court, Defendant

12  VOLT'S wrongful conduct will continue to cause Plaintiff YU and the class members

13  great and irreparable injury in that the PII maintained by Defendant VOLT can be

14  available, accessed, viewed, retained, sold, purchased, distributed, and used by

15  unauthorized persons.  Plaintiff YU and the class members have no adequate remedy

16  at law for the injuries in that a judgment for the monetary damages will not end the

17  invasion of privacy for Plaintiff YU and the class members.

18       116.   In failing to protect Plaintiff YU'S and the class members' PII, and in

19  misusing and/or disclosing Plaintiff YU'S and the class members' PII, Defendant VOLT

20  has acted with malice and oppression in conscious disregard of Plaintiff YU'S and the

21  class members' rights to have such information be kept confidential and private.

22  Plaintiff YU therefore seeks an award of punitive damages on behalf of the class

23  members.

**NINTH CAUSE OF ACTION**
**Declaratory Relief (28 U.S.C. § 2201, *et seq.*)**
**(Against all Defendants)**

26       117.   Plaintiff YU and the class members incorporate by reference each

27  preceding paragraph as though fully set forth at length herein.

28

118.    An actual, justiciable controversy, over which this Court has jurisdiction, now exists between Plaintiff and Defendant relating to the legal rights and duties of Plaintiff YU, the class members, and Defendant VOLT for which Plaintiff YU and the class members desire, and are entitled to, a declaration of rights.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment pursuant to 28 U.S.C. section 2201.

119.    A declaratory judgment is necessary to determine Plaintiff YU'S and the class members' rights in connection with Defendant VOLT'S failure to safeguard and protect their PII, as set forth above.

120.    Plaintiff YU, individually and on behalf of the class members, seeks a declaratory judgment that Defendant VOLT violated FCRA, the California Consumer Records Act, the California Unfair Competition Law, and/or the common law of the various states set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays, for themselves and all other class members:

A. That this Court certifies the action as a class action under the provision of Fed. R. Civ. P. 23(b)(3), appoint Plaintiff YU'S counsel as class counsel, appoint Plaintiff YU as the Plaintiff class representative, and order notice to class members are required by Fed. R. Civ. P. 23(c);

B. That the rights of class members be adjudicated and declared;

C. For equitable relief enjoining Defendant VOLT from engaging in the wrongful conduct complained about herein pertaining to the misuse and/or disclosure of Plaintiff YU'S and the class members' PII, and from refusing to issue prompt and adequate disclosures to Plaintiff YU and the class members;

D. Declare that the pattern or practice described above violates various state laws prohibiting unfair competition, unjust enrichment, unauthorized disclosure of PII, and the implementation of reasonable cyber security systems and measures;

ASTANEHE LAW

71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com • (415) 226 - 7170

E. That Plaintiff and each member of the class recover actual damages, compensatory damages, statutory damages, and statutory penalties, for the injuries that each has suffered in an amount to be determined by the evidence presented at trial, but in no event less than the jurisdictional minimum of this Court;

F. For equitable relief requiring restitution and/or disgorgement of the profits wrongfully retained as a result of Defendant VOLT'S wrongful conduct;

G. That Plaintiff recover costs of suit and that Plaintiff YU's attorneys be awarded reasonable attorney fees and costs, as allowable by law;

H. That Defendant, and any person acting on behalf of or in concert with them, be restrained and enjoined from any adverse acts against Plaintiff;

I. For an award of punitive damages;

J. For an accounting; and,

K. That Plaintiff and each member of the class be awarded any and all other relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff YU hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Respectfully Submitted,

Dated: April 12, 2019

Michael M. Astanehe
ASTANEHE LAW
71 Stevenson Street, Suite 400
San Francisco, California 94105
Tel: (415) 226-7170
Fax: (415) 462-1732
mastanehe@astanehelaw.com

Attorney for Plaintiff and the Proposed Class

ASTANEHE LAW
71 Stevenson Street, Suite 400, San Francisco, California 94105
astanehelaw.com · (415) 226 - 7170